UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| LAKIKA K. COSTLY | * | CIVIL ACTION |
|---|---|---|
| VERSUS | * | |
| NISSAN MOTOR COMPANY, LTD; and NISSAN NORTH AMERICA, INC. | * | NUMBER 14-244-BAJ-SCR |

*****************************************

## STATUS REPORT

**A.   JURISDICTION**

The basis for the jurisdiction of this Court is 28 U.S.C. 1332.

**B.   BRIEF EXPLANATION OF THE CASE**

**1.   Plaintiff Claims**

On April 9, 2013, at approximately 7:34 a.m., Bridget A. Desselle, deceased, was driving her 2007 Infinity G35S vehicle in a westerly direction on Interstate Highway 10 in Ascension Parish, Louisiana at milepost 178.

At that time, suddenly and without warning, on Plaintiff's information and belief, the automobile's vehicle dynamic control system malfunctioned, causing the said vehicle to pull to the right and then left and then veer into the wooded median, crashing into several trees and resulting in Ms. Desselle's tragic and untimely death.

The aforementioned loss of control, crash, and resulting fatal injuries were caused by a combination of product defects in the aforementioned 2007 Infinity G35S automobile, which was defective in design and/or composition, rendering the automobile unreasonably dangerous, pursuant to the Louisiana Products Liability Act, LSA-R.S. 9:2800.51, *et seq*. Had any one or more of said defects not existed, more likely than not, the 2007 Infinity G35S vehicle would not

1

have lost control and crashed into the median.

Upon information and belief, the vehicle's dynamic control system was defective in design and/or composition and, as a result, said system improperly self-activated and improperly imparted input to the braking, steering, and/or accelerator of said vehicle, causing it to proceed out of control, despite Ms. Desselle's observed efforts to maintain control of her vehicle.

Defendants were aware of the unreasonably dangerous characteristics of this vehicle, which existed when the vehicle left their control and which arose from a reasonably anticipated use of the vehicle, thereby imposing strict liability on the Defendants under the Louisiana Products Liability Act.

This litigation is brought by Ms. Desselle's sole surviving natural child, Lakiva K. Costly.

### 2. Defendants' Claims

Defendant disputes all claims that it is liable for the subject accident or any of plaintiff's alleged injures. In particular, defendant will show that the subject vehicle was not defective as defined by the Louisiana Products Liability Act and that the subject accident was not caused by an alleged defect. Moreover, defendant plans to argue and prove that the decedent was at fault in causing the subject accident.

### C. PENDING MOTIONS

As Defendant, Nissan Motor Company, Ltd, is a Japanese corporation, the parties are negotiating terms which may allow Nissan Motor Company, Ltd. to waive service.

At this time, there are no pending motions.

D.  **ISSUES**

The principal legal issues involved, which are in dispute, are as follows:

Plaintiff anticipates that the defendant will dispute liability and damages.

Defendant, Nissan North America, Inc., disputes the allegation that it is liable for the subject accident or any of plaintiff's alleged damages.

E.  **DAMAGES**

1.  **Plaintiff's Calculation of Damages**

Pursuant to LSA-C.C. Art. 2315.1, Ms. Costly is entitled to recover compensatory damages on behalf of her mother, Bridget Desselle, as follows:

(a)  pre-death severe conscious pain and suffering;

(b)  mental anguish and emotional distress; and

(c)  loss or impairment of the enjoyment of life sustained in the interval between the time her vehicle began malfunctioning and her subsequent death shortly thereafter.

Pursuant to LSA-C.C. Art. 2315.2, Ms. Costly is entitled to recover the following compensatory damages as the sole surviving heir of Bridget Desselle:

(a)  past and future loss of love and affection;

(b)  past and future grief;

(c)  past and future mental anguish and emotional distress;

(d)  past and future loss of services;

(e)  past and future loss of society; and

(f)  past and future loss of support.

Plaintiff is also entitled to recover property damages for the subject vehicle and the

3

funeral and burial expenses incurred to bury her mother.

With the exception of the property damages and funeral and burial expenses, the calculation of these damages will be provided by an expert and exchanged with the Defendants at a date ordered by this Honorable Court.

### 2. Defendants' Calculation of Offset and/or Plaintiff's Damages

At the current time, with discovery just beginning, defendant is unable to calculate, with any degree of certainty, any of plaintiff's alleged damages. However, defendant disputes any claim by plaintiff that it is responsible for any element of damages. Defendant further plans to argue and prove that the decedent was responsible for the subject accident giving rise to this suit.

## F. SERVICE

Service has not yet been perfected on Defendant Nissan Motor Company, Ltd, as it is a Japanese corporation. The parties are negotiating terms which may allow Nissan Motor Company, Ltd. to waive service.

## G. DISCOVERY

1. Have the initial disclosures required under FRCP 26(a)(1) been completed?

    [ ]Yes    [x]No

    A. Do any parties object to initial disclosures?

    [x]Yes    [ ]No

    For any party who answered *yes*, please explain your reasons for objecting.

    <u>The parties will stipulate to waive disclosures and proceed directly to discovery. The parties will voluntarily meet and exchange information.</u>

    B. Please provide any stipulations reached by the parties with regard to FRCP 26(a)(1) initial disclosures.

4

(i) The parties stipulate to waive disclosures and proceed directly to discovery.

(ii) The parties will voluntarily meet and exchange information in their possession.

2. Briefly describe any discovery that has been completed or is in progress:

**By Plaintiff:**

No discovery has been completed as counsel for Plaintiff was just retained and filed his Motion to Enroll for the Court's consideration on July 8, 2014. Discovery will shortly begin.

**By Defendant:**

No discovery has been completed. Counsel for plaintiff recently enrolled in the case. Following his enrollment, the parties elected to waive initial disclosures and proceed directly to discovery, which will begin shortly.

3. Please describe any protective orders or other limitations on discovery that may be required/sought during the course of discovery. (For example: are there any confidential business records or medical records that will be sought? Will information that is otherwise privileged be at issue?)

Plaintiff anticipates being able to agree on Rule 26(c)(1)(G) sharing orders for confidentiality of the produced documents, as well as orders on preservation of evidence.

Defendant anticipates the need to file a protective order to protect certain proprietary or otherwise commercially sensitive documentation.

4. Discovery from experts:

Identify the subject matter(s) as to which expert testimony will be offered:

**By Plaintiff:**

Accident Reconstruction

Vehicle Design Defects

Alternative safe designs

Damages

Plaintiff reserves the right to amend or supplement this list as discovery progresses.

**By Defendant:**

Accident Reconstruction Expert

Vehicle Design Expert

Damages Expert

Medical Experts

Defendant reserves the right to amend or supplement this list as discovery progresses.

**H.  PROPOSED SCHEDULING ORDER**

1. Recommended deadlines for amending the complaint, or adding new parties, claims, counterclaims or cross-claims:  1-30-15

2. Recommended deadlines for completion of fact discovery:  7-10-15

    A. Exchanging initial disclosures required by FRCP 26(a)(1):  Parties Waive

    B. Filing all discovery motions and completing all discovery, except experts:  7-15-15

3. Disclosure of identities, resumés, and reports of expert witnesses

    Plaintiff:  8-15-15

    Defendant:  10-15-15

5. Completion of discovery from experts:  11-15-15

6. Filing dispositive motions and *Daubert* motions:  12-15-15

7. All remaining deadlines and the pre-trial conference and trial date will be included in the initial scheduling order.

The deadlines will be determined by the magistrate judge based on the presiding judge's schedule.

8. The general outline of proposed deadlines and the parameters proposed are not anticipated to be adequate for the circumstances of this particular case, therefore, we have provided herein a proposed joint schedule of deadlines more appropriate for this litigation:

| | | |
|---|---|---|
| a. | Deadline to file pre-trial order | 12-30-15 |
| b. | Deadline to file motions in limine | 1-6-16 |
| c. | Deadline to file responses to motions in limine | 1-20-16 |
| d. | Deadline to file an affidavit of settlement efforts | 12-16-15 |
| e. | Deadline to submit joint jury instructions, voir dire, verdict forms, and trial briefs to the presiding judge | 1-25-16 |
| f. | Pre-trial conference date | 1-11-16 |
| g. | Trial date | 2-1-16 |

## I. TRIAL

1. Has a demand for trial by jury been made?

    [x]Yes    [ ]No

2. It is estimated that this matter will require five (5) days for trial.

    Yes.

## J. OTHER MATTERS

1. Are there any specific problems the parties wish to address at the scheduling conference?

    [ ]Yes    [x]No

    If the answer is *yes*, please explain:_____

If the answer is *no*, do the parties want the court to cancel the scheduling conference and to enter a scheduling order based on the deadlines set out in this report?

[x]Yes    [ ]No

K. **SETTLEMENT**

1. This litigation is in its initial stages and discovery has not yet begun, therefore, there have been no settlement negotiations thus far.

2. Do the parties wish to have a settlement conference:

[ ]Yes    [x]No

If your answer is *yes*, at what stage of litigation would a settlement conference be most beneficial? <u>After competition of fact discovery</u>

L. **CONSENT TO JURISDICTION BY A MAGISTRATE JUDGE**

You have the right to waive your right to proceed before a United Stated Magistrate Judge. Indicate whether, at this time, all parties will agree, pursuant to 28 U.S.C. §626(c), to have a Magistrate Judge handle all the remaining pretrial aspects of this case and preside over a jury or bench trial, with appeal lying to the United States Court of Appeals for the Fifth Circuit.

All parties agree to jurisdiction by a Magistrate Judge of this court:

[ ]Yes    [x ]No

If your response was *yes* to the preceding question, all attorneys and unrepresented parties should sign the attached form to indicate your consent.

Report Dated 7-17-14      _____
　　　　　　　　　　　　　　　　Attorney for Plaintiff