UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAKIVA K. COSTLY                                            CIVIL ACTION

VERSUS                                                      14-244-SDD-EWD

NISSAN MOTOR COMPANY, LTD; and
NISSAN NORTH AMERICA, INC.

### RULING

This matter is before the Court on the *Motion for Summary Judgment*[1] filed by Defendants, Nissan Motor Co., Ltd. and Nissan North America, Inc. ("Defendants"). Plaintiff, Lakiva K. Costly ("Plaintiff") has filed an *Opposition*[2] to this motion, to which Defendants filed a *Reply*.[3]

### I.   BACKGROUND

This lawsuit arises out of a single car accident that occurred on April 9, 2013. Bridget Desselle was driving a 2007 Infiniti G35S westbound on Interstate 10 at a high rate of speed. Rachelle Bethley, who was also driving westbound on Interstate 10, witnessed the accident. According to Bethley, Desselle passed her in the left lane of travel and then steered the Infiniti to the right lane of travel. After entering the right lane, Desselle's vehicle veered left and off the left side of the roadway. Desselle was killed in the accident.

---

[1] Rec. Doc. No. 43.
[2] Rec. Doc. No. 55.
[3] Rec. Doc. No. 77.
34980

Desselle's surviving child, Lakiva Costly ("Plaintiff"), brought this product liability action against Nissan on April 4, 2014, alleging that the accident was caused by a failure of the Infiniti's steering system. Plaintiff alleges that the Infiniti's dynamic control system malfunctioned and caused the fatal crash.[4] The Louisiana Products Liability Act ("LPLA")[5] governs this case.

Based on Plaintiff's admission that she has no evidence to support a design defect, the Court previously dismissed Plaintiff's design defect claim;[6] the only claim remaining before the Court is a manufacturing defect claim that the product at issue is defective in construction or composition. The Court has also considered the Defendants' *Motion in Limine*[7] to exclude the opinions and testimony of Plaintiff's expert Ben T. Railsback, and this motion was denied.[8]

## II.   LAW & ANALYSIS

### A.  Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[9] "When assessing whether a dispute to any material fact exists, we consider all of the evidence in the record but refrain from making credibility determinations or weighing the evidence."[10] A party moving for summary judgment "must 'demonstrate the absence

---

[4] Rec. Doc. 1-2.
[5] La. R.S. 9:2800.51, *et seq.*
[6] *See Ruling*, Rec. Doc. No. 78.
[7] Rec. Doc. No. 42.
[8] Rec. Doc. No. 79.
[9] Fed. R. Civ. P. 56(a).
[10] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008)(citing *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 150 (2000)).
34980

of a genuine issue of material fact,' but need not negate the elements of the nonmovant's case."[11] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[12] However, the non-moving party's burden "is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."[13]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[14] All reasonable factual inferences are drawn in favor of the nonmoving party.[15] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[16] "Conclusory allegations unsupported by specific facts … will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations … to get to a jury without any "significant probative evidence tending to support the complaint."'"[17]

---

[11] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc)(quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25, 106 S.Ct. at 2552)).

[12] *Rivera v. Houston Independent School Dist.,* 349 F.3d 244, 247 (5th Cir. 2003)(quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[13] *Willis v. Roche Biomedical Laboratories, Inc.,* 61 F.3d 313, 315 (5th Cir. 1995)(quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).

[14] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007)(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).

[15] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[16] *RSR Corp. v. International Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

[17] *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994)(quoting *Anderson*, 477 U.S. at 249).

34980

### B. Manufacturing Defect under the LPLA

Because subject matter jurisdiction in this case is based on diversity of citizenship, the substantive law of Louisiana governs this dispute.[18] The LPLA establishes the exclusive theory of liability for manufacturers regarding damages caused by their products. The applicable standard under the LPLA is as follows: "The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity."[19] Thus, to maintain a successful claim under the LPLA, a claimant must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product "unreasonably dangerous;" and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else.[20]

A product is "unreasonably dangerous" under the LPLA in one of four ways: (1) construction or composition; (2) design; (3) inadequate warning; or (4) failure to conform to an express warranty.[21] The "unreasonably dangerous" characteristic must exist at the time the product left the manufacturer's control or result from a reasonably anticipated

---

[18] *See Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[19] La. R.S. 9:2800.54(A).
[20] *Ayo v. Triplex, Inc.*, 457 Fed. Appx. 382, 385-86 (5th Cir. 2012)(citing *Jack v. Alberto–Culver USA, Inc.*, 949 So.2d 1256, 1258 (La. 2007) (citing La. R.S. 9:2800.54(A)).
[21] La. R.S. 9:2800.54(B).
34980

modification or alteration of the product.[22] Louisiana law does not permit a factfinder "to presume an unreasonably dangerous condition solely from the fact that injury occurred."[23] Rather, the claimant has the burden of proving the required elements under the LPLA.[24] Plaintiff contend that the vehicle's steering universal joint (referred to hereafter as the "U-joint") was unreasonably dangerous in construction or composition.

La. Rev. Stat. 9:2800.55 provides that "[a] product is unreasonably dangerous in construction or composition if, at the time the product left its manufacturer's control, the product deviated in a material way from the manufacturer's specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer."[25]  "Whether a defect is unreasonably dangerous in construction or composition is a question of fact."[26]

Because the question of whether a product is unreasonably dangerous in construction or composition is a question of fact, and because Plaintiff and Defendants offer competent expert testimony and evidence regarding the elements to support this claim, summary judgment is not proper.  As the Court has previously held, "[t]he issue is whether the U-joint became separated before the accident and caused the driver to lose the ability to steer or whether the U-joint became damaged and separated as a result of

---

[22] *Id.*, 9:2800.54(C).
[23] *Woodling v. Hubbell Inc.,* 35 Fed. Appx. 386, *4 (5th Cir. 2002)(citing *Krummel v. Bombardier Corp.*, 206 F.3d 548, 551 (5th Cir. 2000) (quoting *McCarthy v. Danek Med., Inc.*, 65 F.Supp.2d 410, 412 (E.D.La.1999)).
[24] La. R.S. 9:2800.54(D).
[25] *Thibodeaux v. Wellmate*, --- F.Supp.3d ---, 2016 WL 3036326 at * 4 (E.D. La. 2016).
[26] *Id.*, citing *Morris v. United Servs. Auto. Ass'n*, 32,528 (La.App. 2 Cir. 2/18/00), 756 So.2d 549, 557.  *See also Hines v. Remington Arms Co.,* 94–0455 (La.12/8/94), 648 So.2d 331*; Taylor v. American Laundry Mach., Inc.,* 27,121 (La.App.2d Cir. 6/23/95), 658 So.2d 288, *writ denied,* 95–1877 (La.11/3/95), 661 So.2d 1385.
34980

crash forces."[27]  As will be discussed more fully below, "[j]udicial assessment of the credibility of contradictory testimony is not appropriate for the summary judgment stage and must be reserved for the jury."[28]

### C. Contradictory Expert Testimony

The weight given to contradictory expert analysis depends on the credibility allocated to each individual expert witness.  Assessment of the credibility and weight of expert testimony is the function of the jury.[29]  If a material fact cannot be resolved without making a credibility determination, summary judgment is improper.[30]  Louisiana State Court decisions, although only persuasive authority, also support the legal principle that credibility determinations must be reserved for the trier of fact.[31]

In this case, Defendants are not entitled to summary judgment because the expert testimony on the record contains disputed facts, analysis, and contradictory conclusions. The expert opinions provided are necessary to resolve the following disputed facts: whether or not the U-joint, at the time it the manufacturer's control, deviated in a material way from the manufacturer's specifications or performance standards; whether the product was being used as intended considering the decedent's high rate of speed; and whether the alleged U-joint failure was the proximate cause of the fatal accident.  The

---

[27] *Ruling*, Rec. Doc. No. 79, p. 4, n. 14.
[28] *Lascola v. Schindler Elevator Corp.*, 2010 WL 971792 at *2 (E.D. La. Mar. 12, 2010), citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)(holding that "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict").
[29] *Id.* at * 3, citing *Anderson v. Liberty Lobby, Inc.,* 477 U.S. at 255; 1 Moore's Federal Practice, § 56.14 (3d ed. Mathew Bender 2009).
[30] *Id.*, citing *George v. Home Depot, Inc.*, No. 00–2616, 2001 WL 1558315 at *9 (E.D.La. Dec. 6, 2001).
[31] *Id.*, citing *Hamel's Farm, L.L.C. v. Muslow*, 988 So.2d 882, 890 (La.Ct.App.2008)(holding that the jury must decide credibility of expert testimony using the specific facts upon which the opinions are based and the professional qualifications of the expert); *Young v. Turnipseed*, 764 So.2d 1172, 1176 (La.Ct.App.2000).
34980

Court has already deemed that the proffered experts' testimony is admissible. The credibility and weight assigned to each expert's testimony is a function of the jury and is not appropriate on summary judgment.

### D. *Res Ipsa Loquitur*

In her *Opposition*, Plaintiff alternatively argues that the doctrine of *res ipsa loquitur* applies to the facts of this case. *Res ipsa loquitur* only applies "where direct evidence of defendant's negligence is not available to assist the plaintiff to present a prima facie case of negligence."[32] "In order to apply *res ipsa loquitur* three criteria must first be satisfied: (1) the injury is of the kind which does not ordinarily occur in the absence of negligence on someone's part; (2) the evidence sufficiently eliminates other more probable causes of the injury, such as the conduct of the plaintiff or of a third person; and (3) the alleged negligence of the defendant must be within the scope of the defendant's duty to the plaintiff."[33] Furthermore, the Louisiana Supreme Court has held that "use of the doctrine of *res ipsa loquitur* in a negligence case, as in any case involving circumstantial negligence, does not relieve the plaintiff of the ultimate burden of proving by a preponderance of the evidence all of the elements necessary for recovery."[34] Moreover, contrary to Plaintiff's assertion herein that the doctrine is "often" applied by Louisiana courts,[35] courts note that the doctrine is "sparingly applied."[36]

---

[32] *Shuff v. Brookshire Grocery Company*, 45,109 (La.App. 2 Cir. 3/3/10), 32 So.3d 1030, 1033, citing *Linnear v. CenterPoint Energy Entex/Reliant Energy*, 06–3030 (La.9/5/07), 966 So.2d 36.
[33] *Id.*, citing *Linnear*, 966 So.2d at 36.
[34] *Cangelosi v. Our Lady of the Lake Regional Medical Center*, 564 So.2d 654, 666 (La.1989) (emphasis added).
[35] Rec. Doc. No. 55, p. 19.
[36] *See Bennett v. MillerCoors, LLC*, 838 F.Supp.2d 470, 473 (M.D. La. 2011); *see also Mercadel v. Liberty Mut. Fire Ins. Co.*, 2008 WL 3850457 at *4 (E.D. La. Aug. 14, 2008)(quoting *Spott v. Otis Elevator Co.*, 601 So.2d 1355, 1362 (La.1992)).
34980

The Court finds that Plaintiff has not satisfied her burden of maintaining an alternative *res ipsa loquitur* claim, primarily because, in this case, the record evidence does not sufficiently eliminate other more probable causes of the injury, such as the conduct of the decedent or the negligence on the part of the manufacturer.  This is simply not a case that factually falls under the narrowly and sparingly applied doctrine of *res ipsa loquitur*.  Thus, summary judgment is granted to Defendants on the claim of *res ipsa loquitur*.

### III.   CONCLUSION

For the reasons set forth above, Defendants' *Motion for Summary Judgment* [37] is granted in part and denied in part, and Plaintiff's *res ipsa loquitur* claim is dismissed with prejudice.  Plaintiff's construction or composition claim is set for trial.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 13, 2016.

*Shelly D. Dick*

**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

---

[37] Rec. Doc. No. 43.
34980