UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

LAKIVA K. COSTLY                                                    CIVIL ACTION

VERSUS                                                                   14-244-SDD-EWD

NISSAN MOTOR COMPANY, LTD; and
NISSAN NORTH AMERICA, INC.

## RULING

Before the Court is the Defendants' *Omnibus Motion in Limine*.[1] The Motion is opposed.[2] Defendants move to exclude evidence of a written statement given by Rachelle Bethley, an eye witness to the single car fatal accident which is the subject of this matter. Defendants further move to exclude witnesses identified by Plaintiff in the *Pretrial Order*[3] but not previously disclosed in discovery. For the reasons which follow, the Court grants the Motion.

**I.    FACTUAL BACKGROUND**

The factual background of this case has previously been outlined by the Court[4] and will not be reiterated herein.

**II.   LAW AND ARGUMENT**

    **A.    The Bethley Statement**

The motor vehicle accident which is the subject of this matter occurred on April 9, 2013. On September 23, 2013 Timothy Asmussen, an investigator retained by Plaintiff's counsel obtained a recorded statement from Rachelle Bethley, an eye witness to the

---

[1] Rec. Doc. 87.
[2] Rec. Doc. 102.
[3] Rec. Doc. 80.
[4] Rec. Doc. 83.

accident. Despite a discovery request that called for production of oral or written statements, Plaintiff did not produce the Bethley statement until September 13, 2016 at the final pretrial conference.

Plaintiff contends that the Bethley statement is attorney work product and, thus, not discoverable. Alternatively, Plaintiff contends that the non-production of the Bethley statement is excusable because the Court issued no deadline for the exchange of witness and exhibit lists and because the investigator who procured Ms. Bethley's statement was engaged by Plaintiff's former counsel and current counsel was unaware of the statement until a few weeks before it was produced to the Defendants.

Plaintiff's arguments for her failure to produce or, at a minimum, disclose the statement fail. The Court need not reach the question of whether the Bethley statement constitutes non-discoverable work product. This Court's Local Rules require that:

> A party withholding information claimed privileged or otherwise protected must submit a privilege log that contains at least the following information: name of the document, electronically stored information, or tangible thing; description of the document, electronically stored information, or tangible thing, which description must include each requisite element of the privilege or protection asserted; date; author(s); recipient(s); and nature of the privilege.

The Plaintiff failed to provide a privilege log, without which Defendants were deprived of the ability to challenge discoverability of the statement. Notably, Plaintiff reveals that the Bethley statement is substantive in nature in that "it conflicts with certain foundational opinions of [the defense experts]".[5] The purpose of the local rule requiring a privilege log is to permit early discernment of discoverability and, thus, avoid the

---

[5] Rec. Doc. 102.

2

prejudice of shielding discoverable factual information under the cloak of what may be an unfounded privilege assertion.

Plaintiff contends that the Court's scheduling order did not require her to produce a witness or exhibit list as an excuse for failing to disclose the Bethley statement. This ignores Plaintiff's Rule 26 initial disclosure obligations and the Defendants' written discovery requests, which expressly sought the disclosure of any witnesses.

Finally, Plaintiff's counsel seeks dispensation on the grounds that "Plaintiff's counsel was not even aware of the existence of the recording until very recently."[6] Again the argument lacks merit. Defendants are correct, Federal Rule of Civil Procedure 34 calls for production of evidence "in the responding party's possession, custody, or control". A party's lawyer's ignorance of the existence of a document that is responsive to a discovery request is not grounds to avoid or escape the obligation to respond to a timely served discovery request. Again, the party must either produce the thing requested or provide a privilege log such that the validity of the privilege may be assessed.

The Court GRANTS the Defendants' *Motion in Limine*[7] and the recorded statement of Rachelle Bethley is hereby excluded.

### B.   Undisclosed Witnesses

Defendants requested that Plaintiff "list all persons who may testify at trial on your behalf, their names, addresses, and telephone numbers, and the substance of the facts or opinions you intend to establish through their testimony…"[8] Plaintiff responded that "she may call any person identified in the [police] accident report".[9] Plaintiff did not identify

---

[6] Rec. Doc. 102.
[7] Rec. Doc. 87.
[8] Rec. Doc. 87-3.
[9] Rec. Doc. 87-3.

or disclose several of the witnesses identified in the *Pre-Trial Order*[10], namely Daffney Millet, Kimberly Morris, Jacqueline Ahmad, Carliss Williams, William A. Williams, and Timothy Asmussen. Plaintiff listed Grace Felton as a may call witness in her *Pretrial Order* and, although Felton was not specifically identified in Plaintiff's discovery responses, Felton's name is referenced in the police report.

Federal Rule of Civil Procedure 26(a) required the Plaintiff to disclose the identity of any individuals who may testify in support of her claims. Furthermore, the Plaintiff was under an affirmative obligation to timely supplement her responses to discovery.[11]

## III. CONCLUSION

The Court GRANTS the Defendants' *Omnibus Motion in Limine*[12] to exclude the recorded statement of Rachelle Bethley and the witnesses not disclosed by Plaintiff in response to discovery.[13] Therefore, Daffney Millet, Kimberly Morris, Jacqueline Ahmad, Carliss Williams, William A. Williams, and Timothy Asmussen are excluded from providing testimony in the trial of these proceedings.

Signed in Baton Rouge, Louisiana on December 1, 2016.

*[signature]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[10] Rec. Doc. 80.
[11] Federal Rule of Civil Procedure 26(e).
[12] Rec. Doc. 87.
[13] Although not specifically identified, Grace Felton was identified by reference to the police report and, thus, will be permitted to testify.